UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Timothy C. Vossen,                                              Civil No. 07-1567 (PAM/RLE)

               Plaintiff,

v.                                                              **MEMORANDUM AND ORDER**

Michael J. Astrue,
Commissioner of Social Security,

               Defendant.

This matter is before the Court on Plaintiff's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Raymond L. Erickson dated February 19, 2009. The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(B); D. Minn. L.R. 72.2(b). Based on a review of the record and Plaintiff's objections, the Court adopts the Magistrate Judge's R&R.

**BACKGROUND**

Plaintiff applied for disability insurance benefits ("DIB") on September 2, 2002, as a result of injuries he sustained in an automobile accident approximately two months earlier. His application was denied on November 18, 2002, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). Following that hearing, the ALJ issued a decision denying Plaintiff's claim for benefits.

The ALJ followed the sequential, five-step analytical process required by federal

regulations.  See 20 C.F.R. § 404.1520.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. ( R&R at 42.)  At step two, the ALJ concluded that Plaintiff "was severely impaired by chronic pain syndrome and cervical strain/sprain, degenerative disc disease of the lumbar spine, thoracic outlet syndrome, degenerative disc disease of the right knee, chronic medial collateral ligament injury of the right knee, status post-arthroscopy, and muscular contracture headache." (Id.)  However, the ALJ determined that these impairments did not meet or equal the criteria of any listed impairment.  (Id. at 43.)

> The ALJ then determined Plaintiff's residual functioning capacity ("RFC"):
>
> [The Plaintiff] had the residual functioning capacity to lift a maximum of ten pounds occasionally and five pounds frequently, with minimal bending, stooping, twisting, crouching, crawling, kneeling, and climbing, occasional right foot pedal manipulations, occasional overhead reach, pushing, and pulling, and no repetitive rotation, fixation, flexion, or extension of the neck.

(Id. at 44 (alteration in original).)  In assessing Plaintiff's RFC, the ALJ found that Plaintiff's claims of pain and his functional limitations were credible, but that his assertion regarding his complete inability to work was inconsistent with the record as a whole, including his own testimony and course of treatment.  (Id. at 45.)  The ALJ also considered the extensive and conflicting medical evidence on record.  First, based largely upon the testimony of the medical expert, the ALJ also found that the opinions of Plaintiff's treating physician, Dr. Anderson, were not entitled to controlling weight since they were inconsistent with the record as a whole.  In addition, the ALJ gave slight weight to the opinions of Plaintiff's treating chiropractor, Dr. Copp, and the Commissioner's consultative physician, Dr. Johnson.

Because Dr. Copp was a chiropractor and not a medical doctor, his opinion was deemed not entitled to the weight generally assigned to medical opinions. As for Dr. Johnson's opinion, the ALJ noted that it was not supported by objective medial evidence or clinical findings.

Proceeding to steps four and five, the ALJ concluded Plaintiff would be unable to perform his past relevant work, but that a significant number of jobs existed both in the national and regional economies that Plaintiff could perform. The ALJ therefore concluded that Plaintiff was not disabled. (Id. at 53.) Plaintiff's request for review was denied by the Appeals Council, who affirmed that denial after considering additional evidence that had not been included in the Administrative Record. (Id. at 3.)

Plaintiff filed for judicial review of the Commissioner's final decision denying his application for DIB benefits. Both parties moved for summary judgment, and the Magistrate Judge recommended granting summary judgment for the Commissioner and affirming his decision to reject Plaintiff's application for DIB benefits. Plaintiff timely objected to this recommendation.

**DISCUSSION**

Plaintiff makes three objections to the R&R. First, Plaintiff argues that both the ALJ and the Magistrate Judge incorrectly applied the treating physician rule. Generally, when a case involves medical opinion, the opinion of a treating physician must be afforded substantial weight. 20 C.F.R. § 404.1527. The ALJ may give a treating physician's medical opinion less weight or no weight if the opinion is unsupported by appropriate data or where the ALJ's decision is otherwise supported by substantial evidence. See Rogers v. Chater,

118 F.3d 600, 602 (8th Cir. 1997).

The ALJ did not entirely discount the treating physicians' opinions. Rather, the ALJ rejected only those portions that were inconsistent with the record as a whole. As the Magistrate Judge observed, the gap in Plaintiff's treatment, Plaintiff's own testimony, and the lack of medical evidence supporting certain conclusions were inconsistent with some of the treating physicians' opinions and justified giving those opinions less weight than they would otherwise be given. The ALJ relied in part on the opinion of the medical expert in deciding to reject certain portions of the treating physicians' opinions. Although Plaintiff is correct that the medical expert's assessment alone cannot constitute substantial evidence supporting the ALJ's decision, as noted above, the ALJ also relied on Plaintiff's own testimony and the course of treatment. The Magistrate Judge correctly found that all of this evidence, taken together, provided substantial evidence to support the ALJ's denial of benefits.

Plaintiff also objects to the R&R's conclusion that Plaintiff's spinal impairments did not meet or equal Listing 1.04A. Medical Listing 1.04A provides that spinal disorders, including degenerative disc disease, are presumptively disabling where they result in "compromise of a nerve root . . . or the spinal cord." To meet the requirements of this listing "an impairment must meet all of the listing's specified criteria." Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004) (citing Sullivan v. Zebley, 493 U.S. 521, 530 (1990)). The required criteria include evidence of nerve root compression or impingement as well as motor loss accompanied by sensory or reflex loss and positive straight leg raising test.

The Court finds that there is substantial evidence in the record to support the ALJ's determination that Plaintiff's impairments did not meet Listing 1.04A. Although the record indicates some nerve compression as a result of disc herniations, Plaintiff's medical records and the testimony of the medical expert did not support Plaintiff's claim of nerve root impingement. Similarly, Plaintiff's medical records, examinations, and daily activities did not support Plaintiff's claims of motor loss accompanied by sensory or reflex loss, and positive straight leg raising test. In his objections, Plaintiff cites to several instances in the record which indicate that he met the Listing requirements, but, as the Magistrate Judge noted, an ALJ's decision is not subject to reversal "merely because substantial evidence would have supported an opposite conclusion." Khalil v. Barnhar, 58 F. App'x 238, 240 (8th Cir. 2003) (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984)).

Plaintiff's final objection to the R&R is that the Magistrate Judge improperly upheld the ALJ's decision not to credit Plaintiff's testimony. Credibility determinations are initially within the province of the ALJ. "The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints." Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004). "Although an ALJ may not disregard a claimant's subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." Gonzales v. Barnhart, 465 F.3d 890, 895 8th Cir. 2006) (internal quotation marks and alterations omitted) (quoting Ramirez v. Barnhart,

292 F.3d 576, 581 (8th Cir. 2002)).

As noted by the Magistrate Judge, the ALJ found several inconsistencies between evidence on the record and Plaintiff's subjective complaints. Specifically, the ALJ found that Plaintiff's testimony as to the severity of his impairments was undermined by his medical reocrds, course of treatment, and the medical expert's testimony. The ALJ also found that Plaintiff's daily activities and his failure to seek employment further undermined his credibility. It is not for this Court to decide anew the credibility of Plaintiff's subjective complaints. Rather, when it finds the ALJ's decision is supported by record, the Court must defer to the ALJ's findings. See Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001). The inconsistencies noted by the ALJ between the record and Plaintiff's complaints provide sufficient support for the ALJ's credibility determination.

There is certainly evidence to support a finding of disability in this case, but the standard is not whether evidence exists to reverse the ALJ's determination. See Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992) (court may not reverse a decision "merely because substantial evidence would have supported the opposite decision" (quotations omitted)). Rather, the issue is whether substantial evidence in the record as a whole supports the ALJ's determination. 42 U.S.C. § 405(g). The Court is not free to substitute its own judgment for that of the ALJ. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993). "If it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings," the decision must be affirmed. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). Here, after conducting a de novo review as required by

statute, the Court agrees with the Magistrate Judge's finding that the ALJ's determination was supported by substantial evidence.

**CONCLUSION**

As the statute requires, the Court has reviewed the record regarding Magistrate Judge Erickson's R&R. Based on that review and Plaintiff's objections, the Court **ADOPTS** the R&R (Docket No. 26).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Docket No. 21) is **GRANTED**; and

2. Plaintiff's Motion for Summary Judgment (Docket No. 17) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: **Thursday, March 26, 2009**

                                    *s/ Paul A. Magnuson*
                                    Paul A. Magnuson
                                    United States District Court Judge