UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMOTHY C. VOSSEN, | 07-CV-1567 (PAM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Timothy Vossen requests attorney fees pursuant to the Equal Access to Justice Act from the Commissioner of Social Security ("Commissioner"). The matter was referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Plaintiff's motion for attorney fees be GRANTED.

## I.   BACKGROUND

In September 2002, Plaintiff filed an application for disability benefits, which was denied after a hearing and review by an ALJ. This Court denied Plaintiff's challenge to the ALJ's decision. Thereafter, the United States Court of Appeals for the Eighth Circuit overturned this Court's decision and remanded the case to the ALJ for further consideration. See Vossen v. Astrue, 612 F.3d 1011 (8th Cir. 2010).

The Eighth Circuit's decision rested on the ALJ's refusal to fully develop the record. According to the Court, this error may have led the Court to improperly weigh the competing opinions of physicians in its residual functional capacity ("RFC") analysis. Four doctors

1

provided their opinions. First, Dr. Anderson, who treated Plaintiff for three years, concluded many times throughout the treatment records that Plaintiff was disabled and could not engage in substantial gainful employment. Ultimately, the ALJ rejected Dr. Anderson's opinion because it was inconsistent with Plaintiff's overall course of medical treatment and contained many conflicts as pointed out by Dr. Steiner, the medical expert who testified at the hearing.

Second, Dr. Holte, an orthopedic spine surgeon who treated Plaintiff for over a year, opined that Plaintiff was totally disabled. However, the ALJ refused to place significant weight on Dr. Holte's opinion because it was based primarily on the Plaintiff's subjective complaints of pain.

Third, Dr. Johnson, the Commissioner's consulting physician, examined Plaintiff and found that he could not stand or walk for long periods and limited his residual functional capacity ("RFC").

Lastly, Dr. Steiner, who testified at the administrative hearing as a medical expert, provided a RFC analysis which did not include as many limitations as the opinion of Dr. Johnson. The ALJ adopted Dr. Steiner's opinion and relied on Dr. Steiner's RFC to make his finding that the Plaintiff was not disabled. The ALJ decided to rely on Dr. Steiner's RFC rather than Dr. Johnson's because the second page of Dr. Johnson's report providing an alternative RFC was not signed and appeared to have been submitted after his original statement. As the Eighth Circuit stated, "in other words, the ALJ questioned the authenticity of Johnson's opinion regarding Plaintiff's ability to sit and stand during a normal workday." Id. at 1014. However, the ALJ did not re-contact Dr. Johnson to determine whether the second page of his RFC was authentic. The Eighth Circuit found that the ALJ's decision to discredit Dr. Johnson's RFC

analysis without re-contacting him to verify its authenticity was improper and may have led the ALJ to incorrectly weigh the physicians' competing opinions.

Presently before the Court is Vossen's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") filed on September 29, 2010. Vossen argues that fees are justified in this case because the position taken by the Commissioner as to the necessity of re-contacting Dr. Johnson to verify the last page of his RFC was not substantially justified. In addition, Vossen seeks fees at the 2007 Consumer Index level rather than $125 per hour minimum set by the EAJA. Vossen also requests that he be awarded certain costs incurred by his attorneys. The Court considers Vossen's arguments below.

## II.   DISCUSSION

### A.   Whether Vossen is Entitled to Fees

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).  Attorney's fees requested under this section may not exceed the rate of $125.00 per hour "unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

A plaintiff bears the burden of establishing that it was a "prevailing party" under the EAJA.  Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989).   Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position.  Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008). "Substantially justified" means justified to a degree that could satisfy a reasonable person.  Id. at 683.  The Commissioner must show that his "position was substantially justified at both the administrative and litigation levels."  Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988).  A "substantially justified" position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Bah, 548 F.3d at 683-84 (citing Pierce v. Underwood, 487 U.S. 552, 565-566 (1988)).

As the party that prevailed on appeal, Vossen is entitled to fees unless the Defendant can demonstrate that its position was substantially justified.  The Defendant argues that its decision not to re-contact Dr. Johnson to verify whether the last page of his RFC analysis was accurate had a reasonable basis in law and fact.  In support of its argument, the Defendant points out that the magistrate judge and the district court judge agreed with its position.  Further, the Defendant contends that the ALJ's position had a reasonable basis in fact because the ALJ found that even if the page submitted was correct, Dr. Johnson's opinion was not entitled to significant weight because it was not supported by the weight of the evidence in the record as a whole.  (Def.'s Mem. in Opp'n [Docket No.  56], p. 6.)  Additionally, the Defendant asserts that the Commissioner's position had a reasonable basis in law because the record is fair when it is

"reasonably complete" as it was in this case. Id. at p. 7 (citing Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1993). However, the Court finds that the Defendant has not met its burden by demonstrating that its position was substantially justified and that the ALJ's decision not to re-contact Dr. Johnson to determine the authenticity of the second page of his RFC did not have a reasonable basis in law.

Beginning with the Defendant's argument that its position was substantially justified because the magistrate judge and the district court judge agreed with the Defendant's position, the Court is unpersuaded in the present case. "While a string of losses or successes may be indicative of whether a position is substantially justified, 'the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified.'" Howard v. Comm'r of Social Security, 376 F.3d 551, 554 (2004) (citing Pierce v. Underwood, 487 U.S. 553, 562 (1988)).

Turning to whether the Defendant's position was reasonably based in law, the Court concludes that the Defendant's position was not reasonable. Even though the Defendant was successful on some issues on appeal to the Eighth Circuit, the Defendant's position may not be substantially justified if it was unreasonable regarding the issue requiring remand. See e.g. Hackett v. Barnhart, 475 F.3d 1166, 1174 n. 1 (10th Cir. 2007); Woods v. Barnhart, 2008 WL 2782735, *3 (D. Colo. July 8, 2008); Wait v. Astrue, 495 F.Supp.2d 1131, 1133 (D. Kan. 2007); Loomis v. United States, 74 Fed. Cl. 350 (Ct. Fed. Cl. 2006).

Here, the issue triggering remand, that the ALJ failed to adequately develop the record and re-contact Dr. Johnson to verify his RFC analysis, was not substantially justified. The law surrounding Social Security cases clearly requires that the ALJ has a duty to fully develop the record and seek clarification from physicians if a crucial issue is undeveloped or

underdeveloped.  See Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) (holding that the ALJ has a duty to fully develop the record regarding the claimant's impairments, which includes seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped).  Further, in the Eighth Circuit's opinion in this case, the Court noted that "well settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case."  Vossen, 612 F.3d at 1016 (citing Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004)).  However, the ALJ does not "have to seek additional clarifying statements from a treating physician unless a *crucial issue* is undeveloped."  Id. (citing Stormo, 377 F.3d at 806.

In the present case, the ALJ left a crucial issue undeveloped that should have been clarified.  The ALJ questioned the authenticity of a document that specifically addressed Vossen's RFC and supported Vossen's claim.  The failure of the ALJ to re-contact Dr. Johnson caused the ALJ to rely on the opinion of a non-treating, non-examining physician instead of determining the authenticity of the report by the Commissioner's own physician.  Id. (stating that the opinions of such non-treating, non-examining physician "do not normally constitute substantial evidence on the record as a whole").  As the Eighth Circuit stated, a "primary reason" for relying on a non-treating physician's opinion was the ALJ's failure to adequately develop the record.  Id.  As such, ascertaining the veracity of Dr. Johnson's RFC may have lead the ALJ to totally re-evaluate the weight given to each of the physicians in this case and grant more weight to the opinions of Commissioner's own consulting physician and to Vossen's treating physicians which the ALJ gave less weight in favor of the medical expert who testified at the hearing.

Moreover, the duty of an ALJ to develop the record is "particularly important" regarding information from a claimant's treating physician due to treating physician provisions in the

regulations governing Social Security.  Devora v. Barnhart, 205 F.Supp.2d 164, 172 (S.D. N.Y. 2002).  Here, this is especially true because the ALJ's decision not to re-contact Dr. Johnson may have led the ALJ to inadequately weigh the opinions of the various treating physicians in this case.

Finally, the Court notes that other courts agree that a failure to fully develop the record is not substantially justified.  Dini v. Astrue, 2010 WL 153681at *2 (D. Minn. Jan. 11, 2010) (finding "where the agency disregards evidence, bases its decision on slight evidence, or fails to fully develop the record, its position will not be substantially justified").  On the basis of the above reasoning, the Court finds that the ALJ's position as well as the Defendant's continued defense of it was not substantially justified.

**B.     Amount of Fees and Costs**

Defendant challenges Vossen's fee request as excessive.  Specifically, the Defendant contends that the 45 hours Vossen's attorney alleges he spent reviewing the administrative record and preparing his district court brief challenging the ALJ's decision was excessive. The Defendant further notes that both Vossen's attorneys have extensive experience litigating Social Security cases meaning that the preparation of the district court materials should not have taken them 45 hours to complete.

Nevertheless, the Court finds that spending 45 hours reviewing the administrative record and drafting a brief at the district court level cannot be said to be per se unreasonable.   Social Security cases by their very nature require extensive review of the administrative record, which in this case was over 400 pages long.  Furthermore, Vossen challenged a number of different aspects of the ALJ's decisions each of which required legal research in order to find legal authority to support the position.  Furthermore, the Court notes that other courts have granted

fees for similar hours of claimed attorney work.  See Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994)(46.05 attorney hours and 51 .8 paralegal hours found reasonable); Stoops v. Astrue, 2009 WL 2382543 at *4 (D. Minn. Jul. 10, 2009) (finding claimed 50 hours in attorney fees reasonable).  Thus, the Court recommends that Vossen receive reimbursement for the full 88.75 hours his attorneys spent on the case.

Additionally, the Defendant asserts that Vossen's request for an upward adjustment of the hourly fee to reflect the cost of living in 2010 to be improper because Vossen's attorney completed most of the work in this case in 2007, 2008, and 2009.  In his response to the Defendant's brief in opposition to the award of attorneys fees, Vossen agrees to only seek an upward adjustment of his fee request to reflect the cost of living in 2007 rather than 2010.  As such, the Court award Vossen attorneys fees based on the cost of living in 2007.  However, since Vossen does not provide a readjusted rate for attorneys fees reflecting the cost of living increase for 2007 rather than in 2010, the Court bases its award on prior cases awarding EAJA fees reflecting a cost of living adjustment for 2007.  As such, the Court awards Vossen $162.50 per hour for the work his attorneys expended on this case.  Haidari v. Frazier, 2007 WL 5118370 at *6 (D. Minn. May 10, 2007) (awarding Plaintiff $162.50 an hour for attorneys fees based on the increase in the cost of living for 2007 under the EAJA). Thus, the Court recommends that Vossen be awarded $14,421.86 in attorneys fees.

As to Vossen's request for an award of costs, the Defendant argues that the $3,509.50 Vossen requests for printing costs associated with filing his brief with the Eighth Circuit Court of Appeals is not proper under the EAJA.  However, the Defendant goes on to cite 28 U.S.C. § 1920 which it admits allows the Court to award costs such as filing fees, printing fees and copying costs to a prevailing party under the EAJA.  Therefore, the Defendant has not

specifically articulated why exactly the award of costs for copying and printing in this case are unreasonable. Vossen has provided an affidavit with an attached invoice from the printer verifying that he incurred $3,509.50 in costs for printing, copying and filing his Eighth Circuit materials. As such, the Court finds the award of $3,509.50 to be justified. In addition, since the Defendant does not object to the Vossen's request for $805.00 for case filing fees, the Court recommends that Vossen be awarded his full request to be reimbursed for filing fees.

Lastly, Defendant contends that Vossen's requests that his fee be paid to the Plaintiff's attorney directly and not to Plaintiff is contrary to the EAJA. Reviewing Plaintiff's submissions, the Court does not find any indication that Vossen in fact requested that his fees be paid directly to his attorney rather than to him. As such, the Court construes Vossen's petition to request any award of fees and costs be paid directly to him rather than to this attorneys.[1] Therefore, the Court recommends that the Defendant pay $16,226.86 in attorneys fees and costs directly to the Plaintiff.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Attorneys Fees [Docket No. 47] be **GRANTED**.

Dated: March15, 2010

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

---

[1] The Court additionally notes that even if Vossen sought to have his fees and costs paid to his attorney, Astrue v. Ratliff, 130 S.Ct. 2521 (2010) prevents the Court from awarding attorneys fees to a prevailing party's attorney. Instead, the Supreme Court has determined that the award must be paid directly to the prevailing party. Ratliff, 130 S.Ct. at 2524.

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 29, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.