UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy C. Vossen, | Civ. No. 07-1567 (PAM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois dated March 15, 2011, which addressed Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"). In the R&R, Magistrate Judge Brisbois recommended that the Court grant Plaintiff's Motion and that fees and costs be paid directly to Plaintiff.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

Plaintiff applied for disability benefits in September 2002 after suffering injuries in an automobile accident. His application was denied, and he subsequently requested a hearing before an administrative law judge ("ALJ"). The ALJ conducted a hearing in June 2005 and

issued a ruling that was unfavorable to Plaintiff. Plaintiff then sought judicial review of the ALJ's ruling from this Court, which granted summary judgment in favor of Defendant.

On appeal, the Eighth Circuit reversed this Court's holding and remanded for further investigation of a testifying physician's opinion by the ALJ. Plaintiff then filed the instant Motion for Attorney Fees. In his R&R that recommended granting Plaintiff's Motion, Magistrate Judge Brisbois relied on the Supreme Court's holding in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), in stating that Defendant should pay fees and costs in the amount of $16,226.86 directly to Plaintiff and not to Plaintiff's attorney. Plaintiff filed an objection to the Magistrate Judge's recommendation that fees and costs be paid directly to Plaintiff, and Defendant has responded. Neither party has objected to any other portion of the R&R.

**DISCUSSION**

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . ." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court "has long held that the term prevailing party in fee statutes is a term of art that refers to the prevailing litigant." Ratliff, 130 S. Ct. at 2525 (citation omitted). Thus, despite an attorney's "beneficial interest or . . . contractual right," the EAJA clearly requires payment of fees and costs directly to the prevailing litigant. Id. at 2526-27.

In an attempt to circumvent this statutory requirement, Plaintiff assigned his interest

in the monetary award to his attorney the day after the R&R was filed.  (See Pl.'s Obj. Ex. A.)  Plaintiff argues that such an assignment is allowable, even under Ratliff, and that this Court should honor Plaintiff's stated desire by ordering the award be paid to Plaintiff's attorney.  The Court notes, however, that honoring this assignment not only violates the plain language of the EAJA—"a court shall award to a prevailing party . . . ," 28 U.S.C. § 2412(d)(1)(A) (emphasis added)—but it also would allow Plaintiff to avoid any offset that may be lawfully withheld by Defendant.  Ratliff, 130 S. Ct. at 2528 (noting that payment to the prevailing litigant subjects the award "to offset where the litigant has relevant federal debts").

Further, even in cases where government agencies have recognized assignments, payments were made to a prevailing party's attorney "only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney."  Id. at 2529 (citation omitted).  As Defendant notes, this statement comports with the Anti-Assignment Act, which allows for an assignment in cases like Plaintiff's "only after a claim is allowed, the claim is decided, and a warrant for payment of the claim has been issued."  31 U.S.C. § 3727(b).  Only the government "may, if it chooses, . . . waive the Anti-Assignment Act and recognize the assignment of a claim against the United States."  Kawa v. United States, 86 Fed. Cl. 575, 591 (2009) (citing Delmarva Power & Light Co. v. United States, 542 F.3d 889, 893-94 (Fed. Cir. 2008)).  The Court thus may not sua sponte honor Plaintiff's assignment.

**CONCLUSION**

3

Plaintiff's award of fees and costs may not be paid to his attorney. Having received no other objections to the R&R, the Court hereby summarily **ADOPTS** the remaining findings contained therein. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 58) is **ADOPTED**;

2. Plaintiff's Motion for Attorney Fees (Docket No. 47) is **GRANTED**; and

3. Defendant shall remit fees and costs in the amount of $16,226.86 directly to Plaintiff within 30 days from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Thursday, April 7, 2011

                                              *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge